STRINGHAM VS. THE OSHKOSH & MISSISSIPPI RAILROAD COMPANY.

EMINENT DOMAIN. (1) *Railroad charter must be strictly complied with.* (3) *Appeal from award, when no bar to relief by injunction.*
PLEADING. (2) *Answer, when demurrable.*

1. Defendant's charter authorizes it to take any land along and including the line of its road, not exceeding two hundred feet in width, and any land beyond those limits "which the directors shall, by resolution adopted by them, declare to be necessary for the use of said company," etc. *Held*,

    (1) That this provision of the charter must be strictly complied with, before the company can condemn land outside the limit of two hundred feet in width.

    (2) That the resolution provided for is a corporate act, and must be adopted at a meeting of the directors at which there is present a *quorum* competent to do business.

2. The complaint alleges, in substance, that defendant entered upon and appropriated a strip of plaintiff's land *three hundred feet wide*, and claims to have caused an appraisement to be made thereof, and that this was done under a resolution of its board of directors; but that such resolution was passed at a meeting at which there were present only a certain specified number of directors, less than a quorum. An *answer* which merely sets forth the resolution, without averring that it was adopted when a quorum of the directors were present, *held* bad, on demurrer.

3. The whole strip of three hundred feet having been *appraised* (in one gross sum) by commissioners, plaintiff appealed from such appraisement. *Held*,

    (1) That the question of the right of the company under its charter to condemn the whole of said tract, cannot be determined on such appeal. *Burns v. Railway Company*, 9 Wis., 450.

    (2) That such appeal is therefore *not a bar* to the present action to set aside the appraisement, and restrain the company from constructing its road over said land, on the ground that it has not taken the necessary steps to authorize such appraisement and condemnation.

APPEAL from the Circuit Court for *Winnebago* County.

Action to set aside an award of commissioners appointed to appraise the damages sustained by plaintiff by reason of de-

fendant's taking certain lands of plaintiff for railway purposes, and to enjoin defendant from constructing its road over the premises. Plaintiff demurred to defendant's answer, as not stating a defense. The pleadings are stated in the opinion. The court overruled the demurrer; and plaintiff appealed.

*Finch & Felker*, for appellant, with *P. L. Spooner*, of counsel, argued that the determination as to the necessity of taking land by the defendant, outside of the limit of 200 feet, was a condition precedent, which must be strictly complied with before the company can go beyond that limit. The resolution must therefore show that land outside the limit is necessary to the company for some of the purposes mentioned in its charter. 2. To the point that the appeal from the award was not a bar to relief in equity, counsel urged that the rule forbidding litigation upon the same subject matter in different forums, at the same time, was never applied by a court of equity in such manner as to work injustice. The complaint alleged that the award was procured by fraud, which was not denied by the answer. On account of fraud, if proven, plaintiff was entitled to have the award declared void, and could not be compelled to elect one or the other remedy. Until an award is made which is free from fraud, the defendant company has no right to the occupancy of the land for the purpose of constructing its road. *Powers v. Bears*, 12 Wis., 221, 223. In such case the owner is entitled, pending his appeal from the award, to enjoin the company from dispossessing him of his estate. See *Bohlman v. The G. B. & L. P. R'y Co.*, 30 Wis., 105. Moreover the award covered, not only property which defendant had a right to condemn, but also some which it had no right to take. That portion which the company could not rightfully take would not be included in estimating damages on the trial of the appeal, and as to that portion defendant had no right to take possession by virtue of the award; hence plaintiff was entitled to restrain the company from its occupancy pending the appeal.

*Felker & Weisbrod* and *Moses Hooper*, for respondent, to

the point that relief in equity by injunction would not be granted where there was an adequate remedy at law, or an appeal in the proceedings complained of, cited *McIndoe v. Hazelton*, 19 Wis., 567; *Blakesley v. Johnson*, 13 id., 530; *Gould v. Thompson*, 39 How. Pr., 5; *Murdock v. De Vries*, 37 Cal., 527. The complaint itself fails to show that plaintiff is without adequate remedy at law, and he can appeal from the award of damages, and if his damages are increased he can collect the amount from the company; or on their failure to pay he can restrain them from using the land, and dispossess them from it. *Ackerman v. Horicon Iron Man. Co.*, 16 Wis., 150; *Zweig v. Same*, 17 id., 363. In any event plaintiff cannot at the same time prosecute his remedy at law by appeal from the award of damages, and his action to restrain defendant from using the land. *Smith v. Milwaukee*, 18 Wis., 67, 68. Any irregularity in the resolution or award is waived by the appeal. *Lowe v. Stringham*, 14 Wis., 222; *Woodruff v. Sanders*, 18 Wis., 161. The complaint does not allege that the land was not necessary to the use of the company; and if it did, the resolution of the board would control upon that question. *Ford v. C. & N. W. R'y Co.*, 14 Wis., 609.

COLE, J. We think the answer does not state facts sufficient in law to bar the plaintiff from a part of the relief demanded in the complaint; and consequently the demurrer to it should have been sustained.

The complaint alleges that the defendant corporation has entered upon and appropriated a strip of plaintiff's land three hundred feet wide for the use of its road; and that in so doing it has not proceeded according to the provisions of its charter authorizing it to condemn that quantity of land. The charter gives the company the right to take and use any land along and including the line of its road not exceeding two hundred feet in width, upon making compensation. And it further authorizes the company to take and use " any other lands

beyond said limits of two hundred feet, which the directors shall, by resolution adopted by them, declare to be necessary for the use of said company for the purposes of erecting depot buildings, station houses, machine shops, freight houses, warehouses, engine houses, or buildings or fixtures of any kind, or ground about the same for the convenient operation of the road." Sec. 5, ch. 232, P. & L. Laws of 1866.

It is alleged in the complaint that the company claims and pretends to have caused an appraisement to be made by commissioners of the value of certain lands outside the limits of two hundred feet, which it has taken under and by virtue of a resolution of its board of directors declaring that such lands were necessary for the use of its road; but it is averred that this resolution was passed at a meeting of the board when there were not present a sufficient number of directors to constitute a quorum for the transaction of business, and that such resolution is void and of no effect. It is stated that there are fourteen directors constituting the board, eight of whom make a quorum; and that the resolution under which the company is proceeding was passed and adopted when there were only seven directors present at the meeting.

It is very evident that the company had no right to condemn land outside the two hundred feet, except upon the condition that the board of directors, by a resolution, should declare it to be necessary for the use of its road. Such a resolution was a corporate act, and could only be adopted at a meeting of the board when a quorum was present competent to do business. If there were only seven directors present when the resolution in question was adopted, then it was void, and does not justify the company in proceeding to condemn the land. For the provision in the charter must be strictly complied with before the company can go outside the limit therein fixed.

The answer in the present case sets forth the resolution under which the company justifies the taking of the property, but it fails to allege that this resolution was adopted at a meeting

of the board when a sufficient number of the directors were present for the transaction of business. In view of the matters stated in the complaint, the answer should have alleged that this resolution was adopted when a quorum of the directors were present competent to act on the subject. As it is, the answer fails to deny the material matter stated in the complaint about the passage of this resolution, which is, that it was adopted at a meeting when there were only seven directors present, and when there was no quorum to vote upon it. If that was so — and the presumption is that the complaint states the facts about the adoption of the resolution — then the company has no right to take and occupy any land outside the two hundred feet in width, and all its proceedings in that regard are without authority in law.

The pleadings show that commissioners appointed for that purpose proceeded to act under this resolution, and appraised the value of the entire strip of land three hundred feet in width. The plaintiff claims that this appraisement or award is void, for various reasons. But it appears that the plaintiff has taken an appeal from the award of damages by the commissioners; and it is now insisted that the appeal operates as a bar to this action. The plaintiff, it is said, has no right at the same time to prosecute his remedy at law by appeal from the award, and to maintain this action to restrain the company from using his land. There would be great force in this objection if the plaintiff could test on the appeal the necessity of the company to have more than a strip two hundred feet wide for the use of its road. Then the appeal would be a full and adequate remedy, and this suit in equity should not be entertained. But this court has held that the necessity of taking more land outside the limits specified in the charter could not be inquired into on an appeal from the award of commissioners. *Burns v. Mil. & Miss. R'y Co.*, 9 Wis., 450. In that case Mr. Justice PAINE says: "The necessity or propriety of the taking could not be determined on the appeal. The contest was only as to what

amount the respondent should receive for the land. If he wished to contest the right to take, it could only have been done by some affirmative proceeding on his part by which that right should be drawn in question. * * When the company condemned his entire lots, conceding his right to contest the necessity of taking them, there were two courses, either of which he might pursue. He might institute such proceeding as was proper, to contest the right to take, and might by the judgment of the proper tribunal have confined the taking to such land as the company might lawfully take. Or, if he did not choose to do this, he could acquiesce in the taking, either by accepting such amount as he could agree on with the company, or by accepting the award of the commissioners ; or, if dissatisfied with that, by appealing from the award."

Though the question raised in the Burns case was somewhat different from the one presented here, yet these remarks of the learned judge who gave the opinion in that case are strictly applicable, and show that the plaintiff had not an adequate remedy on appeal. For on such appeal he could neither contest the necessity for taking more than two hundred feet wide for the use of the road, nor raise the question whether the resolution under which the company was proceeding was passed at a meeting of the board when a sufficient number of directors attended to transact business, and thus protect his rights. Possibly he might on the appeal overhaul the award of the commissioners so far as the strip of two hundred feet wide was concerned, and have the damages assessed for taking those premises ; still there might be difficulty in doing this, and for the reason that the award was entire for the whole three hundred feet in width. But, however this may be, we think it very clear that all the rights of the plaintiff cannot be fully adjudicated on the appeal from the award of the commissioners, and that therefore there is no ground for holding that the appeal is a bar to this suit.

If the company has not proceeded according to the provisions

of its charter in condemning the plaintiff's land, he is entitled to an injunction to restrain it from taking it for the use of its road. This proposition has been so frequently decided by this court that it is unnecessary to dwell upon it.

The other interesting questions discussed in this case will not be considered.

*By the Court.*—The order of the circuit court overruling the demurrer to the answer is reversed, and the cause remanded for further proceedings.